## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HAWKINS, *et al*., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:09-cv-01831-JEB |
| THE DISTRICT OF COLUMBIA, *et al*., | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

The plaintiff, Detective William Hawkins ("Detective Hawkins"), by his attorneys, hereby submits this Memorandum of Law in Support of his Motion for Attorneys' Fees.  In support, the plaintiff hereby states the following:

### I.
### Statement of Facts and
### Relevant Procedural History

In October 2012, the parties filed cross-motions for summary judgment regarding the plaintiffs' First Amendment claim.  On February 11, 2013, this Court issued a Memorandum Opinion granting in part and denying in part each party's Motion for Summary Judgment. Specifically, the Court ruled that the discipline imposed against Detective Hawkins violated the First Amendment, but that General Order 204.01 was not unconstitutional on its face.  As a result, the Court concluded that all that remained for a jury was a determination of the damages suffered by Detective Hawkins.  On July 19, 2013, the jury determined that the plaintiff was entitled to damages in the amount of $2.00 for the District's violation of his Constitutional rights.

In the course of the instant action, as of September 30, 2013, Plaintiff's counsel has expended 780.3 total hours of attorney time (212.6 hours of time by partner Anthony Conti and 567.7 hours by associate attorneys) as well as 34.7 hours of paralegal time.  This time was spent on, among other things, drafting the Complaint, drafting and responding to discovery, taking and defending depositions, drafting necessary motions and responding to the District's motions, attending conferences and/or hearings before this Court, and preparing for and attending trial.  See Conti Fenn & Lawrence LLC Invoices dated September 30, 2009 – September 30, 2013, collectively attached as **Exhibit 1** and Affidavit of Anthony Conti, attached as **Exhibit 2**.  Plaintiff's counsel's hourly rate sought for Mr. Conti has been $175.00 per hour, and Plaintiff's counsel seeks $100.00 per hour for associate work and $75.00 per hour for paralegal work.  See id.  Thus, the total attorneys' fees incurred by the plaintiff to file and prosecute his claims in this action total $96,577.50 [(212.6 * $175.00) + (567.7 * $100.00) + (34.7 * $75.00)].  *See id.*

The plaintiff is now seeking his attorneys' fees, and on July 30, 2013, this Court ordered that the plaintiff submit a brief setting forth the availability of attorneys' fees.[1]  The following sets forth the legal basis for the availability of attorneys' fees.

## II.
## Analysis

The Civil Rights Attorney's Fees Awards Act of 1976, authorizes district courts to award reasonable attorneys' fees to prevailing parties in civil rights litigation.  See 42 U.S.C. § 1988(b).  Once it has been established that the plaintiff is a prevailing party, the court must then determine

---

[1]   On August 9, 2013, the plaintiff filed a separate Bill of Costs.

what fee is reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In determining what fee is reasonable, "the most critical factor…is the degree of success obtained."  Farrar v. Hobby, 506 U.S. 103, 114 (1992).  While "there is no precise rule or formula for making these determinations," considerations which bear on a plaintiff's degree of success include "the significance of the legal issue on which the plaintiff claims to have prevailed[,]"and "the public purpose served" by the litigation.  Hensley, 461 U.S. at 436; Farrar, 506 U.S. at 121–22 (O'Connor, J., concurring).

> **A.**     **The Plaintiff was the Prevailing Party and is Entitled to an Award of Attorneys' Fees Under the Civil Rights Attorneys' Fees Award Act**

The Civil Rights Attorney's Fees Awards Act of 1976 allows "the prevailing party" in suits brought under 42 U.S.C. § 1983, to recover "a reasonable attorney's fee."  See 42 U.S.C. § 1988.  A plaintiff has prevailed "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," and a declaratory judgment, like a damages award, satisfies that test.  Farrar v. Hobby, 506 U.S. 103, 111–12 (1992); see Rhodes v. Stewart, 488 U.S. 1, 4 (1988); see also Lefemine v. Wideman, 133 S.Ct. 9 (2012).

In the present case, the plaintiff was clearly the prevailing party, as the Court found as a matter of law that the District violated the First Amendment when it retaliated against the plaintiff for engaging in protected speech.  Specifically, the Court held as follows:

> In sum, Hawkins emerges victorious on every prong as a matter of law, and the District therefore violated the First Amendment by disciplining him for speaking to the *Washington Post*.

February 11, 2013 Memorandum Opinion at 22.

After the plaintiff succeeded on summary judgment, the defendant stipulated through a filing on May 13, 2013, that the discipline at issue would be removed from Detective Hawkins' personnel file and could not be re-issued regardless of the outcome of any appeal in this matter. After the District refused to even attend a mediation session to consider whether the remaining issues in this matter could be resolved, the case then proceeded to a trial on damages and the plaintiff was awarded $2.00 for the District's violation of his Constitutional rights.

The plaintiff's recovery of $2.00 in damages does not affect his status as the prevailing party entitled to recovery of his attorneys' fees. For example, in David v. District of Columbia, 489 F. Supp. 2d 45 (D.D.C. 2007), the plaintiff sought damages under 42 U.S.C. § 1983 for the deprivation of her civil rights. The jury awarded the plaintiff nominal damages, and the plaintiff subsequently moved for attorneys' fees. Id. at 47. This Court noted that it previously held that "a plaintiff who obtains a finding in his or her favor on the issue of liability with respect to a 42 U.S.C. § 1983 claim, but receives only a nominal award of damages is nonetheless a prevailing party for purposes of Section 1988(b)." Id. at 49. Therefore, the David Court held that because the plaintiff had secured a finding of liability on the merits, the fact that the damages award was only of a nominal amount did not, in and of itself, warrant denial of attorneys' fees, and the Court subsequently awarded the plaintiff attorneys' fees in the amount of $20,598.00. Id. at 50–51.

Similarly, in Allen v. District of Columbia, 503 A.2d 1233, 1235 (1986), the plaintiff sued the District of Columbia claiming violations of 42 U.S.C. § 1983 and his First, Fourth, and Fifth Amendment rights stemming from an alleged unlawful arrest. The jury found that the plaintiff had suffered a deprivation of his civil rights, but awarded no damages for the constitutional violations. Id. at 1236. Despite not being awarded damages for the constitutional

violations, the D.C. Court of Appeals determined that the plaintiff was the prevailing party and determined that some of the benefit that the plaintiff sought was "vindication of his civil rights" which "inures to the benefit of all citizens." Id.  The Court further noted that "to declare these rights while simultaneously denying the award of fees would undermine the declared policy of the [Civil Rights Attorney's Fees Awards Act of 1976], which is to encourage litigants to assume the role of a private attorney general. Id. at 1236-37.  Therefore, "this policy may be served by granting a fee request even where a plaintiff is unable to prove actual damages resulting from his constitutional deprivation." Id. at 1237.

Like the plaintiffs in David and Allen, this Court's Order granting the plaintiff summary judgment represents a significant legal vindication of his First Amendment rights that serves an important public purpose.  Indeed, the Court found that the plaintiff's interests in speaking were "clear" and that his speech "contributed to the public debate about the wisdom of All Hands on Deck" and "added a new voice in the debate by drawing on his experiences as an investigating detective to illustrate the costs of All Hands on Deck." See February 11, 2013 Memorandum Opinion at 19.  Denying the plaintiff an award of attorneys' fees, while affirming his First Amendment rights, would undermine and contradict the declared policy of the Civil Rights Attorney's Fees Awards Act of 1976, which is to encourage litigants to assume the role of a private attorney general.  Therefore, despite the fact that Detective Hawkins only received $2.00 in damages, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay;" thus, entitling the plaintiff to attorneys' fees under 42 U.S.C. §1988.  Farrar, 506 U.S. at 113.

**B.**     **The Degree of Success Obtained Supports a Full Award of Attorneys' Fees**

**1.**     **The Rates and Hours Expended are Reasonable**

The U.S. Supreme Court has held that "the most useful starting point in determining the amount of reasonable fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (2006).  This Court traditionally applies the *Laffey* Index to determine the reasonable rate charged by attorneys working in the District of Columbia.  See Smith v. District of Columbia, 466 F.Supp.2d 151, 156 (D.D.C. 2006).   Under the current *Laffey* Index, a reasonable hourly rate for an attorney with 11 to 19 years of experience is $445.00 per hour.  See *Laffey* Index, attached as **Exhibit 3**.  Attorney Anthony M. Conti has more than 13 years of experience as an attorney, and the hourly rate sought of $175.00 is $270.00 below the suggested hourly rate of $445.00.[2]  Also, under the current *Laffey* Index, attorneys Daniel J. McCartin, Eric D. Massof, and Hannah Kon all have between 4 and 7 years of experience as attorneys, and the hourly rate sought of $100.00 is $190.00 below the suggested hourly rate of $290.00.  Id.   Attorney Anwar L. Graves has between 1-3 years experience as an attorney, and the hourly rate sought of $100.00 is $145.00 below the suggested hourly rate of $245.00.  Id.  Finally, the hourly rate of $75.00 sought for paralegals Allie Ossmus, Alyssa Schaper, Beth Martin, Morrisa Vollmerhausen, and Jennifer Shivar is $70.00 less than the suggested $145.00 under the current *Laffey* Index.  Id.  Clearly, such reduced rates viewed under an objective guideline such as the *Laffey* Index demonstrates that the rates sought by the plaintiff's counsel for the work performed and the results obtained

---

[2]     A copy of Mr. Conti's biography is attached as **Exhibit 4.**

6

are reasonable and should not be reduced by the Court any further.  See **Exhibit 3**; Jefferson v. Milvets System Technology, Inc., 986 F. Supp. 6, 11 (D.D.C. 1997).

The plaintiff has attached hereto as **Exhibit 5** an Affidavit from Jacob Stein that supports the reasonableness of the hourly rates applied in this case for the Court's consideration.  Mr. Stein previously reviewed the reasonableness of the hourly rates charged by counsel for the plaintiff in a less-complex District of Columbia Freedom of Information Act matter.  Jacob Stein is an attorney licensed to practice in the District of Columbia and the State of Maryland with sixty (60) years of experience as a trial attorney.  Id.  Mr. Stein is an adjunct professor at Georgetown University Law School and has taught at Harvard Law School.  Id.  Mr. Stein is also the past president of the District of Columbia Bar and the Bar Association of the District of Columbia and has served as a chairman of the Local Rules Committee of the U.S. District Court for the District of Columbia.  Id.  Mr. Stein is familiar with the hourly rates charged by attorneys' practicing in the District of Columbia and the State of Maryland.  Id.  It is Mr. Stein's belief that the rate sought by plaintiff's counsel is a reasonable rate and "likely is below market rate in the District of Columbia for attorneys with experience equal to that of M[r.] [] Conti."  Id. Furthermore, plaintiff's counsel's rates have been previously established and approved by the D.C. Superior Court as reasonable in less-complex District of Columbia Freedom of Information Act matters, as well as in a Whistleblower Protection Act case.  See e.g. Order Granting Plaintiff's Motion for Attorney's Fees and Costs, The Fraternal Order of Police, Metropolitan Police Labor Committee v. The District of Columbia, 2005 CA 001244 (D.C. Superior Court, May 8, 2006), attached as **Exhibit 6**; see also, Memorandum and Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs, Martin Freeman, et al. v. District of Columbia, et al., 2005 CA 002153 (D.C. Superior Court, January 24, 2011) (jury

7

verdict reversed on appeal), attached as **Exhibit 7**.  As a result, the rates sought by counsel for the plaintiff are reasonable and represent significantly lower than market fees that should not be reduced by the Court.

Likewise, the amount of time expended by counsel for the plaintiff was reasonable given the contested nature of this matter, which involved complex Constitutional claims.  The number of hours reasonably expended is determined by "evaluating the total number of hours expended and disallowing unproductive time or time spent on unsuccessful claims; hours that are 'excessive, redundant, or otherwise unnecessary' must be excluded."  Murray v. Weinberger, 741 F.2d 1423, 1427 (D.C. Cir. 1984).  Expending 815 hours at a total cost of $96,577.50 is reasonable for four years of litigation that involved extensive discovery, nine depositions, motions practice, an aborted mediation effort, several status conferences, and a two-day jury trial.

Moreover, the attorneys' fees expended after the Court granted the plaintiff summary judgment are directly attributable to the District's refusal to enter into mediation to resolve the issue of damages suffered by the plaintiff.  After obtaining summary judgment, counsel for the plaintiff suggested that the matter be set for mediation concerning the plaintiff's damages, thereby avoiding the fees and costs associated with a jury trial.  After proposing this option to the Court and counsel for the District, mediation was scheduled with Magistrate Judge Alan Kay. However, two-weeks before the scheduled mediation, the District informed the Court that it was no longer willing to enter into mediation.  On March 14, 2013, the scheduled mediation was cancelled and the plaintiff was left with no other option but to proceed with a jury trial on damages.  Thereafter, the plaintiff incurred $38,355.00 in attorneys' fees, which could have been avoided if the parties had entered into mediation.  As such, the Court should award the plaintiff

the full $38,355.00 in attorneys' fees incurred as a result of the District's refusal to enter into mediation.  Likewise, the fees incurred before March 14, 2013 were necessarily incurred in obtaining summary judgment on the plaintiff's First Amendment retaliation claim.  As a result, the number of hours expended by counsel for the plaintiff were reasonable and should not be reduced by the Court

## 2.     All of the Claims Arose from a Common Core of Facts

The plaintiff's claims arose from a common core of facts, therefore, the plaintiff's attorneys' fees should not be reduced despite the fact that he failed to prevail on all of his claims. The Complaint in this matter included a claim against the District of Columbia for a violation of the D.C. Whistleblower Protection Act, as well as a claim under 42 U.S.C. §1983 for the District's violation of the plaintiff's First Amendment rights and a facial challenge regarding the constitutionality of the MPD's media policy.  All of these claims arose from a common nucleus of operative facts – namely the improper discipline imposed on the plaintiff for speaking to the media regarding his personal opinion about AHOD.   Because of this common nucleus of operative facts, all of the attorneys' fees expended in this matter were necessarily incurred for the plaintiff to prevail on his 42 U.S.C. §1983 claim.

In addition to involving a common nucleus of facts, substantially all of the plaintiff's attorneys' fees were expended prosecuting his successful 42 U.S.C. §1983 claim.  On May 23, 2011, the Court granted in part the District's Motion to Dismiss, thereby dismissing the plaintiff's Whistleblower Protection Act claim.  The District's Motion to Dismiss, however, sought dismissal of all of the plaintiff's claims, and therefore, any attorneys' fees expended in responding to the Motion to Dismiss were necessary to prosecute the successful 42 U.S.C. §1983 claim.  Moreover, the parties did not engage in any discovery prior the Court's May 23, 2011

Order dismissing the Whistleblower Protection Act claim, therefore, all attorneys' fees expended during discovery were spent prosecuting the plaintiff's successful 42 U.S.C. §1983 claim. Likewise, while the Court granted the District summary judgment regarding the plaintiff's facial challenge to the MPD's media policy, because the MPD improperly used the media policy to discipline the plaintiff for engaging in protected speech, the issues involving the facial challenge were inextricably intertwined with the issues involving the successful 42 U.S.C. §1983 claim.

The Supreme Court has specifically addressed the situation where the plaintiff has advanced multiple claims based on the same nucleus of facts stating:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.

Hensley, 461 U.S. at 435 (emphasis added).

In Goos v. National Ass'n of Realtors, 68 F.3d 1380 (D.C. Cir 1995), the U.S. Court of Appeals reviewed the District Court's 65% reduction of an attorneys' fees award based on the ratio of successful claims to unsuccessful claims, and found that the trial court had abused its discretion.  In Goos, the plaintiff's complaint included two factually related counts, but the plaintiff only succeeded on one of the counts.  As a result, the District Court, reduced the attorneys' fees award by 65%.  The U.S. Court of Appeals found that the District Court abused its discretion when it reduced the attorneys' fees award by the number of dismissed claims because: "a plaintiff's failure to prevail on a related count is not in itself a sufficient ground for reducing her fees.  It is a plaintiff's overall success, and not the number of counts [he] prevails on, that determines the amount of fees [he] is entitled to."  Id. at 1384.  The U.S. Court of

Appeals stated that the district court should focus on the relationship between the fees and the overall success "without penalizing [the plaintiff] for raising and failing to prevail on an alternative theory of recovery." Id. at 1388.

Similarly, dismissal of the plaintiff's Whistleblower Protection Act claim and judgment in favor of the District regarding the plaintiff's facial challenge to the MPD's media policy is not sufficient grounds to reduce the plaintiff's attorneys' fees award.  As discussed above, the plaintiff's claims concerned a common nucleus of facts centered on the MPD's improper discipline of the plaintiff for speaking to the media.  Equally important, substantially all of the plaintiff's attorneys' fees were expended prosecuting his successful 42 U.S.C. §1983 claim. Accordingly, the Court should reject any attempt by the District to limit the plaintiff's recovery of his attorneys' fees in this action based upon a claim-by-claim judgment analysis and should instead award the plaintiff all of his attorneys' fees incurred in this action.

### 3.    Public Policy Considerations Support an Award of Attorneys' Fees

Important public policy consideration support the plaintiff being awarded his attorneys' fees incurred in this matter.  The Supreme Court has stated: "a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." Carey v. Piphus, 435 U.S. 247, 266 (1978).  Indeed, "the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in [§1983], over and above the value of a civil rights remedy to a particular plaintiff." Hensley, 461 U.S. at 444, n. 4 (Brennan, J., concurring in part and dissenting in part).  Therefore, regardless of the relief that a plaintiff actually obtains, "a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).

A suit seeking redress under §1983 is an action by a private individual to enforce an individual right that simultaneously benefits the public at large.  Indeed, §1983 actions are designed to provide a mechanism for private individuals to sue to ensure that the public interest is served, while providing for the recovery of attorney's fees under the doctrine of the "private attorney general."  Id. at 575.  This doctrine allows for the recovery of attorneys' fees for litigation aimed at "vindicating a policy that Congress considered of the highest priority."  Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 401-02 (1968).  The rationale behind this policy is "[i]f successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive power of the federal courts."  Id.  Therefore, the doctrine of the private attorney general is designed to encourage and facilitate suits by private individuals that advance an important public interest, and "counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter." City of Riverside, 477 U.S. at 575.

By vindicating his First Amendment rights, the plaintiff has helped protect the First Amendment rights of thousands of current and future MPD officers.  Thousands of current and future MPD officers can now speak to the media concerning their personal opinions about MPD programs without fear of retribution.  Likewise, many more thousands of citizens of the District will now be able to hear the personal opinions of MPD officers, which will undoubtedly lead to more open and robust debate within the District.  Thus, public policy considerations warrant the Court granting the plaintiff's Motion for Attorneys' Fees.

**III.**

**Conclusion**

For the foregoing reasons, this Court should enter an Order awarding the plaintiff his attorneys' fees totaling $96,577.50.

Respectfully submitted,

_/s/ Daniel J. McCartin_____

Anthony M. Conti (D.C. Bar No. 479152)
Daniel J. McCartin (D.C. Bar No. 976580)
CONTI FENN & LAWRENCE LLC
36 South Charles Street, Suite 2501
Baltimore, Maryland  21201
(410) 837-6999
(410) 510-1647

Attorneys for Plaintiff